**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY THREATT,

        Petitioner,                             Case Number: 2:06-CV-11742

v.                                               HON. GEORGE CARAM STEEH

THOMAS BIRKETT,

        Respondent.
_____/

## ORDER

Petitioner Anthony A. Threatt, a state inmate currently incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan, has filed a *pro se* petition for a writ of habeas corpus. Now before the Court are Petitioner's: (1) Motion for Enlargement of Time [dkt. # 15]; (2) Motion to Accept Pleadings With the Necessary Changes Submitted at a Later Date [dkt. # 29]; (3) Motion to Bring Charges Up Against Respondent and his Staff [dkt. # 31]; (4) Motion to Accept Original Handwritten Pleadings [dkt. # 32]; (5) Motion for Reconsideration [dkt. # 39]; and (6) Motion for Court Order to Reframe [sic]/Stop Respondent from Retaliating [dkt. # 40].

First, in his Motion for Enlargement of Time, Petitioner asks for an enlargement of time within which he may file a reply to Respondent's answer in opposition to the habeas petition. Petitioner has since filed, and the Court has accepted for filing, a reply to Respondent's Answer. Therefore, this motion is moot and shall be denied on that basis.

Second, Petitioner has filed a "Motion to Accept Pleadings With the Necessary Changes Submitted at a Later Date . . ." Petitioner asks the Court to accept for filing the reply brief

attached to his motion, although it contains some inconsistencies or inaccuracies. Petitioner states that the brief contains inaccuracies because the individuals working for the prison legal writing program have erred and failed to comply with all of Petitioner's request. Petitioner, therefore, asks the Court to require a prison employee to transport the brief to a legal writer, direct the legal writer to make the necessary corrections, and appoint Petitioner an attorney. The Court grants Petitioner's request to accept the reply brief and will allow Petitioner to correct the brief as deemed appropriate. The Court denies the remaining requests for relief.

Next, Petitioner has filed a "Motion to Accept Original Handwritten Pleadings." Petitioner, however, does not attach any particular pleadings he requests permission to file.[1] Instead, Petitioner's motion details alleged deficiencies in the prison's legal writing program. The pending habeas petition is the proper vehicle for challenging the constitutionality of confinement, not for litigating matters related to the conditions of confinement. If a prisoner wishes to challenge a condition of confinement, for example, an alleged violation of his right of access to the courts, a prisoner may do so by filing a complaint under 42 U.S.C. § 1983. *See* Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). The Court, therefore, denies this motion without prejudice to Petitioner's right to raise this claim in a complaint under § 1983.

Petitioner also has filed a Motion to Bring Charges Up Against Respondent and his Staff and a Motion for a Court Order to Reframe[sic]/Stop Respondent and his Staff from Retaliating in which he alleges that various Michigan Department of Corrections officials have interfered with his right of access to the courts. As noted above, a complaint under 42 U.S.C. § 1983, not a

---

[1] The Court notes that a litigant need not seek permission to file handwritten papers. Local Rule 5.1(a) specifically allows for the filing of legibly handwritten pleadings.

habeas petition, is the proper vehicle for challenging a condition of confinement. Therefore, the Court denies these motions without prejudice to Petitioner's right to raise these claims in a complaint under § 1983.

Finally, Petitioner has filed a Motion for Reconsideration of the Court's January 24, 2007 Order denying his motion to accept pleadings. Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

The Court denied Petitioner's motion to accept pleadings because Petitioner failed to identify or attach to his motion the particular pleadings he sought to have accepted. Petitioner argues that the Court should have given him an opportunity to correct that deficiency before denying the motion. The Court is not required to allow a party time to correct a motion before it is denied. In addition, Petitioner identifies in his Motion for reconsideration the documents he wishes the Court to accept for filing: docket # 32, 33, 34 and 35. Those pleadings already have been filed with the Court. Therefore, no order is necessary. Accordingly, Petitioner's motion is denied.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Enlargement of Time [dkt. # 15] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Accept Pleadings With the Necessary Changes Submitted at a Later Date [dkt. # 29] is **GRANTED IN PART**. The Court

grants Petitioner's request to accept the reply brief and will allow Petitioner to correct the brief as deemed appropriate. The Court denies the remainder of this motion.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Accept Original Handwritten Pleadings [dkt. # 32], Motion to Bring Charges Up Against Respondent and his Staff [dkt. # 31], and Motion for a Court Order to Reframe[sic]/Stop Respondent and his Staff from Retaliating [dkt. # 40] are **DENIED WITHOUT PREJUDICE** to Petitioner's right to raise these claims in a complaint filed pursuant to 42 U.S.C. § 1983.

Dated: August 15, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 15, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk