# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY THREATT,

        Petitioner,               Case Number: 2:06-CV-11742

v.                                   HON. GEORGE CARAM STEEH

THOMAS BIRKETT,

        Respondent.
_____/

**ORDER (1) GRANTING PETITIONER'S "MOTION TO AMEND ARGUMENTS IN BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION" AND (2) DENYING PETITIONER'S "MOTION FOR RECONSIDERATION OR [FOR] CERTIFICATE OF APPEALABILITY"**

Petitioner Anthony Threatt filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for aggravated stalking and fourth habitual offender. The Court denied the petition. Now before the Court are Petitioner's "Motion to Amend Arguments in Brief in Support of Motion for Reconsideration" (Motion to Amend) and "Motion for Reconsideration or [For] Certificate of Appealability" (Motion for Reconsideration or COA).

In his Motion to Amend, Petitioner seeks to add additional arguments in support of his Motion for Reconsideration or COA. The Court grants the Motion to Amend.

Petitioner asks the Court to reconsider its denial of his habeas corpus petition. Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect

which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner's arguments in support of his motion for reconsideration are lengthy, but amount only to a disagreement with the Court's decision. A motion predicated on such an argument is an insufficient ground upon which to grant a motion for reconsideration. L.R. 7.1(g)(3); *see also, Meekison v. Ohio Department of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Plaintiff fails to demonstrate that the Court's decision was based upon a palpable defect by which the Court was misled. Therefore, the Court shall deny the Motion for Reconsideration.

Petitioner also seeks issuance of a certificate of appealability. Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C. § § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner presented eighteen claims for relief in his habeas petition. First, Petitioner argued that the evidence presented was not sufficient to sustain his conviction because insufficient evidence was presented to establish the "actual notice" element of aggravated stalking. Applying the standard established by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979), the Michigan Court of Appeals held that sufficient evidence was presented to establish that he had actual notice of the personal protection order. This Court held that the state

court's well-reasoned disposition of Petitioner's sufficiency of the evidence claim was neither contrary to nor or an unreasonable application of clearly established federal law and denied relief on this claim.

The Court held that the remainder of Petitioner's habeas claims were barred from review because they were procedurally defaulted. The Michigan Supreme Court, the last state court to address these claims, which were presented for the first time on collateral review, denied leave to appeal because Petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Threatt*, No. 129197 (Mich. Dec. 27, 2005). M.C.R. 6.508(D) was a firmly established and regularly followed state procedural bar at the time of Petitioners' convictions and direct appeals. Petitioner asserted ineffective assistance of appellate counsel to excuse his default, however, that claim was itself procedurally defaulted. Petitioner failed to establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Therefore, the Court held that his remaining habeas clams were procedurally defaulted.

This Court holds that jurists of reason would not find its conclusions with respect to the foregoing claims to be debatable or wrong. *See Slack*, 529 U.S. at 484. Therefore, Petitioner is not entitled to a certificate of appealability.

3

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Amend Arguments in Brief in Support of Motion for Reconsideration" is **GRANTED** and his "Motion for Reconsideration or [For] Certificate of Appealability" is **DENIED**.

Dated: May 27, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 27, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk