# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY THREATT,

        Petitioner,               Case Number: 2:06-CV-11742

v.                                      HON. GEORGE CARAM STEEH

THOMAS BIRKETT,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTIONS TO AMEND 60(b) MOTION AND DENYING 60(b) MOTION

Petitioner Anthony Threatt, presently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenged his convictions for aggravated stalking and fourth habitual offender. The Court denied the petition. Now before the Court are Petitioner's "Motion to Correct Mistake, Inadvertence, Surprise, or Excusable Neglect," "Motion to Amend Arguments to Sixty(b)(6) Motion," and "Motion to Amend Sixty(b) Motion." For the reasons stated below, the Court will grant the motions to amend and transfer the case to the U.S. Court of Appeals for the Sixth Circuit.

      In his habeas petition, Petitioner raised the following claims:

I.      The prosecutor withheld and suppressed evidence that was favorable to the Defendant which violated defendant's 5th and 14th Amendment rights.

II.     The prosecutor comments violated defendant's 5th and 14th Amendment rights to a fair trial when the prosecutor shifted the burden of proof to the defendant.

III.    Defendant's due process rights were violated when he was not given notice or opportunity to comply with the PPO.

IV. The judge denied defendant a fair trial when she allowed the prosecutor to play two answering service tapes for the jury without establishing and implementing any procedural safeguards.

V. Defendant was denied a fair trial when the judge allowed the prosecutor to present abundant irrelevant and inflammatory evidence and argument to help convict defendant of violating a PPO that he had received actual notice of from September 22, 1999 to April 4, 2000. This violated defendant's 5th and 14th Amendment rights to a fair trial.

VI. The complainant committed perjury.

VII. Defendant's 6th Amendment rights were violated when his appointed trial counsel failed to investigate the facts. Trial counsel was ineffective when she did not prepare a defense with the defendant.

VIII. Defendant's 5th and 14th Amendment rights were violated when the judge instructed the jury on two different instructions on the same element which confused the jury.

IX. The prosecutor violated defendant's 5th and 14th Amendment rights when he broke defendant's silence.

X. The prosecutor's breaking defendant's silence also violated defendant's confrontation rights guaranteed by the 6th Amendment because the police were not there and the prosecutor used the complainant's testimony to affirm the investigator's statements.

XI. Defendant was prejudiced by the missing witnesses this violated defendant's 5th and 14th Amendment rights to a fair trial, because the defendant could not question about the police reports, services and evidence.

XII. The prosecutor and the Detroit police denied defendant his state and federal constitutional rights to due process and to a fair trial, by failing to investigate the charges and forcing the defendant to prove his innocence. This violated defendant's 5th and 14th Amendment rights.

XIII. Defendant's 5th and 14th Amendment rights were violated when defendant was denied a set of his trial transcripts throughout his habeas corpus appeal process.

XIV. Defendant has newly discovered evidence.

XV. Defendant could have been found guilty of a lesser charge.

XVI. With the suppressed evidence and skilled counsel, the jurors could have easily inferred that the tapes were old and from the month of July of 1999.

XVII. The complainant had been hospitalized and saw various therapists for her anti-social personality disorder that cause her to engage in habitual lying.

XVIII. Defendant's motion to quash should have been granted because the evidence was insufficient as a matter of law and fact to bind over on the charges contained in the complaint and warrant.

The Court, finding Petitioner's sufficiency of the evidence claim to be lacking merit and the remainder of the claims to be procedurally defaulted, denied the petition. Petitioner filed a notice of appeal in the court of appeals, which denied a certificate of appealability. *Threatt v. Renico*, No. 08-1298 (6th Cir. Oct. 29, 2008).

After filing his motion for relief from judgment, Petitioner filed two motions to amend the arguments presented in the motion. The Court finds the requests to be reasonable and will grant the motions.

However, the Court may not consider the merits of Petitioner's Rule 60 motion. Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir.1998). A federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals regardless of how meritorious the

claim appears to be. *Id*. at 971; *see also In Re Sims*, 111 F.3d 45, 47 (6th Cir.1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Here, the petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1)-(6). In *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005), the Supreme Court explained that a Rule 60(b) motion is distinguished from a second or successive petition under 28 U.S.C. § 2244(b) by the fact that the latter contains one or more "claims." A Rule 60(b) motion does not. *Id*. at 530-31. For purposes of § 2244(b), a "claim" is "an asserted federal basis for relief from a state court's judgment of conviction." *Id*. at 530. By contrast, a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id*. at 532. A habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition ." *Id*. at 534. A Rule 60(b) motion is a successive habeas petition if it "seek[s] leave to present 'newly discovered evidence' in support of a claim previously denied." *Id*. at 531

Petitioner's Rule 60(b) motion is not merely an attempt to rectify a defect in the habeas proceedings, but instead reasserts the substance of Petitioner's claims and constitutes an impermissible attack on this Court's previous resolution of the claims on the merits. This is not a proper ground for a Rule 60(b) motion. *See Henderson v. Collins,* 184 F. App'x 518, 523 (6th Cir. 2006). In other words, Petitioner's Rule 60(b) motion seeks to vindicate his habeas claims because Petitioner is taking steps that lead inexorably to a merits-based attack on the prior denial of his habeas petition.

Because Petitioner's Rule 60(b) motion qualifies as a second or successive habeas

4

petition, Petitioner is required to obtain authorization from the Sixth Circuit before he can file a new habeas petition. Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly, it is **ORDERED** that Petitioner's "Motion to Amend Arguments to Sixty (b)(6) Motion," [dkt. #65] and "Motion to Amend Sixty(b) Motion" [dkt. #66] are **GRANTED**.

It is further **ORDERED** that the Clerk of the Court shall **TRANSFER** this case to the Court of Appeals for the Sixth Circuit under to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Dated: August 5, 2010

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 5, 2010, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---