UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY THREATT,

        Petitioner,         Case Number: 2:06-CV-11742

v.         HON. GEORGE CARAM STEEH

THOMAS BIRKETT,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT, MOTION TO AMEND, AND MOTION FOR RECONSIDERATION

Petitioner Anthony Threatt, presently confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a petition for a writ of habeas corpus. He challenged his convictions for aggravated stalking and fourth habitual offender. The Court denied the petition on February 29, 2008. On December 18, 2009 and July 29, 2010, Petitioner filed motions to amend, which also sought relief under Federal Rule of Civil Procedure 60(b). The Court granted the motions to amend, but held that they were successive habeas petitions and transferred them to the United States Court of Appeals for the Sixth Circuit for an order authorizing their filing. The Court of Appeals held that the July 29, 2010, Rule 60(b) motion was a successive motion and declined to grant authorization under 28 U.S.C. § 2244(b)(3). *In re: Anthony Threatt*, No. 10-2069 (6th Cir. Apr. 8, 2011). The Court of Appeals held that the July 29, 2010, motion was not a successive petition because it claimed an error in this Court's finding that all but one of

-2-

Petitioner's habeas claims were procedurally defaulted and remanded the case to this Court to address the Rule 60(b) challenge to the procedural default ruling. *Id.* at 2-3.

"Rule 60(b)(6) should apply 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Olle v. Henry & Wright Corporation*, 910 F.2d 357, 365 (6th Cir. 1990). It is invoked only in those "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original). Rule 60(b)(6) exists to allow courts to vacate judgments whenever such action is appropriate to accomplish justice in extraordinary circumstances. *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949).

Petitioner argues that the Court was incorrect in its procedural ruling because (i) the state court failed to consider each of his claims individually before denying relief under Mich. Ct. R. 6.508(D); (ii) he exhausted his ineffective assistance of appellate counsel claim; and (iii) he established cause and prejudice to excuse his default. None of the arguments advanced by Petitioner present an unusual or extreme situation that would mandate the relief he seeks. The state court relied on a clearly-established procedural rule in denying Petitioner's defaulted claims. *See People v. Threatt*, No. 00-004840-01 (Wayne County Cir. Ct. Nov. 18, 2003) ("All of these issues could have been raised in his prior appeal. Defendant has failed to demonstrate good cause for failure to raise them on appeal, and actual prejudice resulting from the alleged errors."). There is no requirement that the state court address his claims individually before denying relief. And, Petitioner presents no basis to call into question the Court's decision that Petitioner failed to establish cause and prejudice to excuse his default. Therefore, the Court denies the motion.

-2-

Also before the Court is Petitioner's Motion to Amend/Correct Petition for Writ of Habeas Corpus, in which he offers additional arguments in support of his habeas petition. Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.* Moreover, where final judgment has been entered, the plaintiff cannot seek to amend the complaint "without first moving to alter, set aside or vacate judgment pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008) (*citing Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). "Unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a) of the Federal Rules of Civil Procedure." *Id.* (internal quotation marks and citation omitted). Post-judgment relief has not been granted in this case, therefore, the Court denies Petitioner's motion to amend. *Accord Williams v. Norris*, 461 F.3d 999, 1003-04 (8th Cir. 2006) (affirming district court's denial of motion to amend habeas petition filed after district court issued order denying petition).

Finally, Petitioner seeks reconsideration of the Court's Order denying his motion to correct errors. Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich.

L.R. 7.1(h)(3).  A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain."  *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).  The Court denied Petitioner's motion because it was an attempt to amend a petition that had been denied over three years earlier.  Petitioner's arguments for reconsideration amount to a disagreement with the Court's decision.  A motion predicated upon such argument fails to allege sufficient grounds upon which to grant reconsideration.  L.R. 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998).  Petitioner fails to demonstrate that the Court's decision was based upon a palpable defect by which the Court was misled.

Accordingly, the Court **DENIES** Petitioner's Motion to Amend [dkt. # 73], Motion for Reconsideration [dkt. # 78], and the portion of Petitioner's Motion for Relief from Judgment remanded to this Court [dkt. # 65].

**SO ORDERED**.

Dated:  November 19, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 19, 2013, by electronic and/or ordinary mail and also on  Anthony Threatt #182625, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Barbara Radke
Deputy Clerk