UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY THREATT,

                Petitioner,                    Case Number: 2:06-CV-11742

v.                                         HON. GEORGE CARAM STEEH

THOMAS BIRKETT,

                Respondent.

_____/

### OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Petitioner Anthony Threatt, presently confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a petition for a writ of habeas corpus.  He challenged his convictions for aggravated stalking and fourth habitual offender.  The Court denied the petition on February 29, 2008.  Petitioner filed a Rule 60(b) motion, which the Court denied.  Petitioner has now filed a notice of appeal.

Before Petitioner may appeal the Court's decision denying his motion, a certificate of appealability (COA) must issue.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); *U.S. v. Hardin*, 481 F.3d 924, 926 (2007) (requiring a certificate of appealability as a prerequisite for a habeas petitioner's appeal of the denial of a Rule 60(b) motion).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U .S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S. at 483.  The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the

claims." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" *Id.* at 338, *quoting Barefoot*, 463 U.S. at 893.

The Court denied habeas corpus relief because all but one of the claims raised were procedurally defaulted and the remaining claim was meritless. Petitioner's motion for relief from judgment challenged the Court's procedural ruling. The Court denied the motion because the state court plainly relied on a clearly-established procedural rule in denying Petitioner's defaulted claims, a state court is not required to address a petitioner's claims individually before a procedural bar may triggered on habeas review, and Petitioner presented no basis to call into question the Court's decision that Petitioner failed to establish cause and prejudice to excuse his default.

The Court finds that jurists of reason would not find the conclusion that the motion should be denied to be debatable or wrong. *See Slack*, 529 U.S. at 484.

Accordingly, a certificate of appealability is DENIED.

**IT IS ORDERED**.

Dated: January 30, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 30, 2014, by electronic and/or ordinary mail and also on
Anthony Threatt #182625, Saginaw Correctional Facility,
9625 Pierce Road, Freeland, MI 48623.

s/Barbara Radke
Deputy Clerk